IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN A. BASH, CHAPTER 7 TRUSTEE, | ) |
| Plaintiff/Cross-Plaintiff, | ) |
| v. | ) Case No. 1:13-CV-01094-RLY-TAB |
| NATIONAL LAMPOON, INC., | ) |
| Cross-Defendant, | ) |
| and | ) |
| TIMOTHY S. DURHAM, | ) |
| Defendant. | ) |

## CROSS-COMPLAINT

Brian A. Bash, the duly appointed Chapter 7 Trustee (the "**Trustee**") for the Fair Finance Company ("**Fair Finance**"), for his Cross-Complaint against Plaintiff National Lampoon, Inc. and Defendant Timothy S. Durham, alleges the following upon information and belief, together and in the alternative:

### PRELIMINARY STATEMENT

1. This Cross-Complaint arises from a large Ponzi scheme perpetrated through Ohio-based Fair Finance by Defendant Timothy S. Durham ("**Durham**") and other individuals, including Daniel S. Laikin ("**Laikin**"), both former residents of Indianapolis, Indiana. As a result of the Ponzi scheme, Ohio residents who purchased Fair Finance V-Notes lost over $200 million.

2. Durham was the Chief Executive Officer of Fair Finance and a 50% owner of its ultimate grandparent company, DC Investments, LLC. ("**DCI**"), which in turn entirely owned

Fair's parent holding company, Fair Holdings, Inc. ("**Fair Holdings**").  Laikin was a director of Fair Finance and a director of Durham's other significant business, Obsidian Enterprises, Inc. DCI operated out of Obsidian Enterprises' offices in Indianapolis, Indiana.

3. Durham and Laikin were also significant controlling shareholders in Plaintiff and Cross-Defendant National Lampoon, Inc. ("**Lampoon**").  Durham and Laikin sat on Lampoon's Board of Directors, and Laikin was Lampoon's CEO until 2008, when Durham replaced Laikin as Lampoon's CEO.

4. Laikin's resignation from CEO of Lampoon followed his indictment for conspiracy to commit securities fraud with regard to Lampoon's stock, to which he pled guilty and was sentenced to prison.  In a parallel proceeding brought by the Securities and Exchange Commission, Lampoon and its attorneys were permanently enjoined from engaging in practices that would operate as a fraud or deceit upon any person.

5. Durham and other individuals funneled millions of dollars through Fair's parent and grandparent companies, Fair Holdings and DCI.  The recipient of those funds included Durham, Laikin and Lampoon, which received millions of dollars of funds originating from Fair, which was wired from DCI's offices in Indianapolis pursuant to requests made by Lampoon to personnel in Indianapolis, Indiana.  The monies advanced from DCI were, from time-to-time, allegedly converted into equity in Lampoon at the request of Durham and Laikin.

6. Durham and other have been convicted by this Court for their role in the Fair Finance Ponzi scheme, and are serving significant prison sentences.  In addition to his fifty-year prison sentence, Durham was ordered to pay $208,830,082.27 in restitution to the investment certificate holders of Fair, and to cooperate with the Trustee.

## PARTIES & JURISDICTION

7. Cross-Plaintiff Brian A. Bash is the duly appointed and acting Chapter 7 trustee for Fair Finance.

8. Cross-Defendant National Lampoon, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Los Angeles, California.

9. Defendant Durham is an individual currently residing in Kentucky.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, inasmuch as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

11. Venue in this District is proper under 28 U.S.C. § 1391(b).

## PROCEDURAL BACKGROUND

12. On February 8, 2010 (the "**Petition Date**"), creditor-investors of Fair Finance filed a petition for involuntary bankruptcy against Fair Finance.

13. On the Petition Date, the Petitioning Creditors also filed an "Emergency Motion to Appoint Interim Trustee," alleging that a trustee was needed to oversee the operations of Fair Finance because: (i) Fair Finance had failed to make timely payments on its debts, including failing to redeem matured V-Notes and failing to pay interest on unmatured V-Notes; (ii) Fair Finance and several affiliated companies had been raided by the FBI in November of 2009; (iii) Fair Finance had not been open to the public since the raid; and (iv) public records revealed that Fair Finance had made "unusually large" loans to insiders.

14. On February 19, 2010, in the case captioned <u>In re Fair Finance Company</u>, Case No. 10-50494, the U.S. Bankruptcy Court for the Northern District of Ohio (the "**Bankruptcy Court**") entered an Order directing the United States Trustee to appoint an interim trustee.

15. On February 24, 2010, Fair Finance filed notice that it consented to the entry of an order for relief in the bankruptcy proceeding.

16. On March 2, 2010, the Bankruptcy Court entered an Order granting the relief sought by the Petitioning Creditors *nunc pro tunc* as of February 24, 2010.

17. On March 2, 2010, the United States Trustee filed the Notice of Appointment of Interim Chapter 7 Trustee *nunc pro tunc*, effective February 24, 2010.

18. By agreements executed as of June 13, 2010, the Debtor's parent and grandparent entities, Fair Holdings and DCI, each assigned to the Trustee all of their respective rights, title and interest in and to their respective property, including, among other things, all accounts and notes receivable (the "**Assignments**").

19. On June 16, 2010, U.S. Bankruptcy Court for the Northern District of Ohio entered an Order (the "**Compromise Order**") approving the Assignments between the Trustee, Fair Holdings and DCI.

20. As a result of the Assignments and the Compromise Order, the Trustee had and has the right to enforce all obligations to DCI and Fair Holdings and to pursue DCI's and Fair Holdings' claims for the benefit of the Fair Finance estate and its creditors.

21. On May 28, 2013, the Trustee, on behalf of the Fair Finance estate and as assignee of its parent companies, Fair Holdings and DCI, obtained a judgment against Durham, in the U.S. District Court for the Northern District of Ohio, in the amount of $134,837,533.14 for breach of promissory notes by, and fraudulent transfers made to or on behalf of Durham, which has been registered with this Court (the "**Durham Judgment**"). See Bash v. Durham, No. 1:13-MC-0002-SEB-DKL (S.D. Ind. Jan. 8, 2014).

22. The Trustee has taken legal possession of stock certificates representing Durham's ownership of hundreds of thousands of shares of Lampoon, and the Trustee has and is exercising the right to attach, garnish and levy all remaining Lampoon shares owned by Durham, in execution upon the Durham Judgment.

23. Durham has brought a claim for relief against Lampoon alleging conversion of his Lampoon stock by Lampoon, seeking an injunction against such conversion, and seeking a declaration as to his ownership interest in Lampoon. Durham also seeks damages for unpaid salary in the amount of $246,667 and a declaration as to the amount allegedly due and owing to Durham for the purported $4,000,000.00 in loans and advances made by Durham to Lampoon. The Trustee has and is exercising his right to attach and garnish any damage proceeds obtained by Durham.

**FIRST CLAIM FOR RELIEF**

24. The Trustee incorporates by reference as if fully rewritten herein the preceding paragraphs of this Cross-Complaint.

25. Durham claims a disputed ownership interest in shares of Lampoon stock, which shares are subject to attachment and garnishment by the Trustee in satisfaction of the Durham Judgment.

26. The matters alleged herein thus present an actual, justiciable controversy within this Court's jurisdiction as referenced in 28 U.S.C. § 2201, insofar as Lampoon, Durham and the Trustee each claim competing interests in the Lampoon stock that is the subject of this action.

27. Accordingly, the Trustee asks the Court to issue a declaratory judgment determining Durham's ownership in Lampoon and its stock, and awarding any shares or other entitlements to such stock to the Trustee in partial satisfaction of the Durham Judgment.

## **SECOND CLAIM FOR RELIEF**

28. The Trustee incorporates by reference as if fully rewritten herein the preceding paragraphs of this Cross-Complaint.

29. Durham claims damages from Lampoon in the amount of at least $246,667, which damages if awarded are subject to attachment and garnishment by the Trustee in satisfaction of the Durham Judgment.

30. The matters alleged herein thus present an actual, justiciable controversy within this Court's jurisdiction as referenced in 28 U.S.C. § 2201, insofar as Lampoon, Durham and the Trustee each claim competing interests in the alleged sum due and owing to Durham that is the subject of this action.

31. Accordingly, the Trustee asks the Court to issue a declaratory judgment determining Lampoon's liability to Durham, if any, and awarding such relief to the Trustee in partial satisfaction of the Durham Judgment.

WHEREFORE, Cross-Plaintiff Brian A. Bash, Chapter 7 Trustee, prays for: (a) a declaratory judgment determining Durham's ownership in Lampoon and its stock and awarding any shares or other entitlements to such stock to the Trustee in partial satisfaction of the Durham Judgment, (b) a declaratory judgment determining Lampoon's liability to Durham, if any, and awarding such relief to the Trustee in partial satisfaction of the Durham Judgment, (c) for an injunction preliminarily and/or permanently enjoining Lampoon or Durham from converting, attempting to convert or otherwise adjusting or disposing of any stock which may be or is subject to claim by the Trustee and/or Durham, (d) such further just and proper relief which may legally be awarded through this action, including costs and attorney's fees.

                        Respectfully submitted,

                        FAEGRE BAKER DANIELS LLP

                        /s/ Jay Jaffe

| | |
|---|---|
| Jay Jaffe (#5037-98)<br>600 E. 96th Street, Suite 600<br>Indianapolis, IN 46240<br>Telephone: (317) 569-4687<br>Facsimile: (317) 569-4800<br>jay.jaffe@faegrebd.com | *Counsel for Brian A. Bash, the duly appointed*<br>*Chapter 7 Trustee for the Fair Finance*<br>*Company* |
| Dustin R. DeNeal (#27535-49)<br>300 North Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>dustin.deneal@faegrebd.com | |

53530243_1

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January \_\_\_\_, 2014, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Joseph Neal Bowling
nbowling@lewiswagner.com

Dina M. Cox
dcox@lewiswagner.com

Dustin R. DeNeal
dustin.deneal@faegrebd.com

Ryan A. Ellis
re@eaklaw.com

Jay Jaffe
jay.jaffe@faegrebd.com

Nicholas Plopper
nick@sploplaw.com

Stephen Edwards Plopper
splopper@sploplaw.com

John E. Taylor
john.taylor@faegrebd.com

              /s/ Jay Jaffe_____